**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 1, 2012

Lyle W. Cayce
Clerk

No. 11-60606
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WENDELL W. HOLLIS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:11-CR-9-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Wendell W. Hollis appeals his jury trial conviction for theft of government funds, for which he was sentenced to 16 months in prison and three years of supervised release. The record is insufficiently developed to allow consideration at this time of Hollis's claim of ineffective assistance of counsel. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

Hollis contends that the district court abused its discretion by admitting, over his objection, a government witness's testimony that she was assaulted and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intimidated by Hollis's sister and by failing to weigh the probative value of this testimony against its prejudicial effect, as required by Federal Rule of Evidence 403. The record belies Hollis's argument that the district court failed to conduct the balancing required by Rule 403. Hollis has not shown that the Government's primary purpose in calling this witness was to elicit otherwise impermissible evidence that Hollis's sister assaulted and intimidated that witness. Based on the record, the district court did not clearly abuse its discretion in admitting this evidence. *See United States v. Williams*, 620 F.3d 483, 492 (5th Cir. 2010); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 760 (5th Cir. 2008).

Hollis also claims that the district court erred in denying his post-trial motion for a new trial. In light of Hollis's sparse assertions in his new trial motion and of the conclusion above that the district court did not abuse its discretion in admitting the witness's intimidation testimony, Hollis has not shown that the district court clearly abused its discretion in denying his motion for a new trial. *See United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).

Because Hollis preserved his insufficiency-of-the-evidence claim as to his occupancy of the property on which his allegedly false FEMA claims were based by making several motions for judgment of acquittal, we review that claim de novo. *United States v. Moreland*, 665 F.3d 137, 148 (5th Cir. 2011). This review, however, "does not include a review of the weight of the evidence or of the credibility of the witnesses." *United States v. Anderson*, 559 F.3d 348, 353 (5th Cir. 2009) (internal quotation marks and citation omitted). Viewed in the light most favorable to the verdict, *see id.*, this evidence supports a finding beyond a reasonable doubt that Hollis did not occupy the lot in question at the time of Hurricane Katrina.

AFFIRMED.